### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 18-423 |
| v. | ) | |
| | ) | |
| TRANSITIONAL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Asia Johnson ("plaintiff"), *pro se*, filed an "Application to Proceed in District

Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that purports

to sue Transitional Service, Inc. ("TSI"). Several exhibits are attached to the complaint, and

appear to be: a February 16, 2018 letter from President Donald J. Trump requesting plaintiff

complete a questionnaire and make a contribution to his re-election campaign; a March 2, 2018

letter from President Trump requesting a similar contribution and indicating that by making such

a contribution plaintiff would be placed on a Presidential Honor Roll; correspondence dated

February 2, 2018 indicating that it is from Michael Glassner, Executive Director of Trump Make

America Great Again Committee, to plaintiff requesting that she complete a questionnaire and

make a contribution to the committee; and a March 28, 2018 request that plaintiff contribute to

the Trump Make America Great Again Committee. (ECF Nos. 3-2, 3-3, 3-4).

This court granted plaintiff leave to proceed *in forma pauperis* based on her showing of

indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this

Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing

fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the

1

separate question whether the complaint should be dismissed.").  Pursuant to 28 U.S.C. §

1915(e), prior to ordering service of the complaint without payment of the filing fee, however,

the court must dismiss the case if it determines that the action is "frivolous or malicious," 28

U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. §

1915(e)(2)(B)(ii).  Roman v. Jeffes, 904 F.2d 192, 195 ("the appropriate time to make a decision

to dismiss a case pursuant to § 1915 is before service of a complaint).  Additionally, under

Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and

meaningful access to the courts for indigent litigants.  Neitzke v. Williams, 490 U.S. 319, 324,

329 (1989).  Congress also provided in the *in forma pauperis* statute for dismissal of complaints

under certain circumstances in order to "prevent abusive or captious litigation" that could result

because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily

created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or

repetitive lawsuits.   Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice

dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or

factual assertions that are clearly baseless.  Neitzke, 490 U.S. at 327.  In determining whether the

factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may

pierce the veil of the complaint and need not accept its allegations as true.   Denton v.

Hernandez, 504 U.S. 25, 33 (1992).  Examples of baseless claims include "claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar."

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

Neitzke 490 U.S. at 328.   Additionally, as provided for expressly by § 1915(e)(2)(ii), the court

also must dismiss the complaint preservice if it fails to state a claim on which relief can be

granted, applying the same standard for dismissing a claim under Federal Rule of Civil

Procedure 12(b)(6).  Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1

(W.D. Pa. Sept. 25, 2014).

   Plaintiff's complaint indicates at the same time that the basis for federal court jurisdiction

is diversity of citizenship by checking the box for diversity on the complaint form and that this

court instead has federal question jurisdiction by indicating subsequently that the claim is based

upon the "1st amendment."  (ECF No. 3 at 4).   Although the box for diversity is checked, the

complaint indicates that plaintiff and defendant are both citizens of Pennsylvania, id., and thus,

the court clearly lacks diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (providing for the

court's original jurisdiction over matters between citizens of different States).

   The statement in the complaint of plaintiff's claim against TSI in its entirety is: "I was

wrongly 302 and lied on about my native history I won my 302 but the lies and problems still

continue."  (ECF No. 3 at 5).  The court presumes that the reference to "302" is intended as a

reference to § 302 of the Pennsylvania Mental Health Procedures Act ("MHPA"), 50 Pa. Stat. §

7302, which provides for emergency examination and treatment.  With respect to relief the

complaint states that plaintiff seeks relief for "pain and suffering lost home."  (ECF No. 3 at 6).

   Upon review of the complaint, and giving it the most liberal construction, Erickson v.

Pardus, 551 U.S. 89 (2007), the court determines it is legally frivolous, fails to state a claim and

that the court lacks subject-matter jurisdiction over this action.  Other than the mere inclusion of

the phrase "1st amendment" under the basis for the federal claim, the cursory and disjoined single

averment of the complaint is not anchored in any rights protected by the First Amendment.

There are no allegations sufficient to show, or even at all, that TSI is or could be in any way a state actor for purposes of 28 U.S.C. § 1983, Benn v. Universal Health Sys., Inc., 371 F.3d 165, 171-172 (3d Cir. 2004) (mental health professionals at private mental health care facility in process of civil commitment did not constitute state actors by virtue of state procedure and process for commitment under Pennsylvania's MHPA for purposes of claim under 42 U.S.C. § 1983); Blum v. Yaretsky, 457 U.S. 991, 1011-1012 (1982) (holding that private entity's decision with respect to medical care and state's extensive regulation of such care insufficient for state action requirement of § 1983), or that TSI's conduct was motivated by any exercise of free speech by plaintiff.

There is no diversity of the parties, despite plaintiff checking the box for diversity jurisdiction. The averment that there was a lie about her sounds, at most, as a state law defamation claim, not any claim for violation of plaintiff's rights under the First Amendment, particularly in that she alleges she "won" her "302." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (claim for deprivation of liberty interest in reputation against a state actor under § 1983 requires stigma to reputation plus deprivation of right or interest guaranteed by federal law or constitution). Additionally, the reference to a lie about her status or non-status as a Native American does not provide any basis for federal question jurisdiction under 28 U.S.C. § 1331 over her attempted claim. Johnson v. Children, Youth and Families, Civ. Act. No. 18-444, (ECF No. 2) at p. 3, (W.D. Pa. Apr. 6, 2018). There simply appears to be no basis for federal jurisdiction over this action.

Based on the foregoing, the court will dismiss the complaint as frivolous, for failure to state a claim and because the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action."). Additionally, to the extent that plaintiff attempted both federal and state law claims which would be part of the same case or controversy under 28 U.S.C. § 1367(a), because the court will dismiss any federal claim, it declines supplemental jurisdiction over any state law claim pursuant to 28 U.S.C. § 1367(c)(3).

Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i), the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). Because the court determines that the complaint is frivolous and that the court lacks jurisdiction, it will dismiss the complaint without leave to amend. [2]

An appropriate order follows.


Dated: May 25, 2018                              By the court,


                                                 s/ Joy Flowers Conti
                                                 Joy Flowers Conti
                                                 Chief United States District Judge


cc:     Asia Johnson
        1807 West St., Apt. 2
        Munhall, PA 15120

---

[2] On May 9, 2018, plaintiff filed a completed Washington state form RCW 4.28.100 motion for service by mail. (ECF No. 4). As a result of the court's determination that it will dismiss the complaint as frivolous and for lack of jurisdiction and that amendment would be futile, the motion will be denied as moot.